IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20320
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ANSELMO GARCIA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(H-00-CR-757-ALL)
--------------------
October 15, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Anselmo Garcia claims that the district court erred in enhancing his offense level under U.S.S.G. § 2B3.1(b)(4)(A) based on his "abduction" of bank employees, arguing that no victim was forced to accompany him to a different location. He insists that he did not assault the bank employees in question, and that the employees had to move no more than a few feet to enter the bank, as he commanded. Garcia further asserts that their movement did not facilitate the commission of the bank robbery.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

An "abduction" occurs within the context of U.S.S.G. § 2B3.1(b)(4)(A) when "a victim [is] forced to accompany an offender to a different location." U.S.S.G. § 1B1.1, comment. (n.1(a)). The term "a different location" has been flexibly applied and can include movement entirely on property of a single owner. See United States v. Hawkins, 87 F.3d 722, 727 (5th Cir. 1996). Merely crossing the threshold of a building, even when the distance of the move is minuscule, may be construed as movement to a different location. Id.

Reliable evidence contained in the presentence report and adduced at the sentencing hearing reflect that Garcia pointed his weapon at two female bank employees and demanded that they enter the bank, which was not their planned destination at the time that he approached them. The district court's determination that Garcia's actions facilitated the offense is supported by the record. His actions also prevented the employees from escaping to obtain assistance and indicated to other bank employees that Garcia would use force to carry out the robbery.

The district court did not clearly err in imposing the enhancement based on an abduction. Garcia's sentence is AFFIRMED.